UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRANCIS BOYD,

    Plaintiff,                              Case No. 16-12741

v.                                           District Judge Laurie J. Michelson
                                             Magistrate Judge R. Steven Whalen

CITY OF WARREN, A Municipal corporation;
WARREN POLICE DEPARTMENT; OFFICER
COLIN MCCABE, OFFICER JEFFREY
MASSERANG; OFFICER ROBERT
HORLOCKER; and UNKNOWN OFFICERS
OF THE WARREN POLICE DEPARTENT

    Defendants.
_____/

# ORDER

      Plaintiff Charles Boyd has brought claims arising out of his arrest by officers of the Warren, Michigan Police Department during a May 28, 2014 traffic stop. Before the Court is Defendants' motion to compel discovery [Doc. #40].

      The parties filed a Fed.R.Civ.P. 26(f) joint discovery plan [Doc. #34], and the Court entered a scheduling order setting a discovery cut-off date of March 31, 2019 [Doc. #38]. In order to informally resolve a discovery issue, the Court held a telephonic status conference with attorneys for the parties on September 18, 2018. The issue involved Plaintiff's failure to sign medical releases and to produce authorizations for medical

information, initial disclosures, and past due responses to Defendants' document requests. Counsel appeared to be in agreement that the Plaintiff would produce this material by September 24, 2018.

In their present motion, Defendants state that other than what they deem "insufficient" initial disclosures, they have received nothing from the Plaintiff. Defendants' counsel states that she has been unable to contact Plaintiff's lawyer. Moreover, Plaintiff has not responded to this motion.

Defendants properly bring this motion under Fed.R.Civ.P. 37(a)(3). Under Rule 37(a)(5), the Court must, absent certain conditions that are not applicable here, order the non-responding party and/or his or her attorney, to pay the moving party's reasonable expenses in bringing the motion, including attorney fees.

I am very concerned about Plaintiff's lack of attention to this case, and his failure to cooperate in discovery. I am likewise concerned about his attorney's failure to communicate with defense counsel. Plaintiff has not responded to this motion, so it is unopposed, and it will be granted.

Defendants' motion to compel [Doc. #40] is GRANTED.

If Plaintiff has not already done so, he shall provide fully executed medical authorizations and releases to Defendants' counsel within 14 days of the date of this Order.

If he has not already done so, Plaintiff will, within 14 days of the date of this

Order, produce responses to Defendants' First Set of Requests for Production of Documents, as well as amended initial disclosures that specifically identify his medical advisers and that sets fort a computation of damages of each category of damages claimed.

Pursuant to Fed.R.Civ.P. 37(a)(5)(A), and regardless of whether the discovery responses were produced prior to this Order, Plaintiff and his attorney are each ordered to pay to Defendants' counsel the sum of $500.00 ($1,000.00 total), representing Defendants' reasonable costs in bringing this motion.

PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER OR WITH ANY DISCOVERY ORDER OF THIS COURT WILL RESULT IN FURTHER SANCTIONS, AND MAY INCLUDE DISMISSAL OF HIS COMPLAINT.

                                            s/ R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated: January 25, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 25, 2019, electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla
                                            Case Manager to the
                                            Honorable R. Steven Whalen