UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRANCIS BOYD,

       Plaintiff,                     Case No. 16-12741

v.                                    District Judge Laurie J. Michelson
                                        Magistrate Judge R. Steven Whalen

CITY OF WARREN, A Municipal corporation;
WARREN POLICE DEPARTMENT; OFFICER
COLIN MCCABE, OFFICER JEFFREY
MASSERANG; OFFICER ROBERT
HORLOCKER; and UNKNOWN OFFICERS
OF THE WARREN POLICE DEPARTMENT,

       Defendants.
_____/

**OPINION AND ORDER**

      Plaintiff Charles Boyd has brought claims arising out of his arrest by officers of the Warren, Michigan Police Department during a May 28, 2014 traffic stop. Before the Court is his Motion for Leave to File an Expert Witness List and to Adjourn the Joint Discovery Plan Ninety Days [Doc. #43]. For the reasons that follow, the request to file an expert witness list is DENIED. The request to extend the joint discovery plan is GRANTED IN PART, only to provide an additional 24 days to complete depositions, but is otherwise DENIED.

## I. FACTS

Plaintiff filed his complaint on July 25, 2016, alleging excessive force and failure to prevent excessive force in violation of the Fourteenth Amendment; deliberate indifference and "deliberate indifference/failure to supervise or train" under the Eighth Amendment; gross negligence; assault and battery; and intentional infliction of emotional distress ("IIED") by Defendants during a May 28, 2014 traffic stop and arrest. He filed an amended complaint on October 11, 2016 [Doc. #11]. On October 25, 2016, Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). On May 23, 2017, following a reassignment of the case to the Hon. Laurie J. Michelson, the case was referred to the undersigned Magistrate Judge for pretrial matters. Ultimately, on April 18, 2018, the Court granted in part and denied in part the motion to dismiss, ordering as follows:

(1) The gross negligence claim (Count III) was dismissed;

(2) The assault and battery claim against Defendant Horlocker was dismissed;

(3) The intentional infliction of emotional distress claim against Defendant Horlocker was dismissed;

(4) The municipal liability claim, and claims against the City of Warren and the Warren Police Department were dismissed;

(5) All other claims remain. [Doc. #28].

The case was then re-referred for pretrial matters, and on June 26, 2018, following a scheduling conference, the Court entered an amended scheduling order [Doc. #38]

setting a due date of December 15, 2018 for Plaintiff's expert witness disclosures, a discovery cut-off date of March 31, 2019, and a dispositive motion cut-off date of April 30, 2019. The order provided that "[t]his Court will not order discovery to take place subsequent to the discovery cutoff date," and that while the parties could submit a joint motion to extend discovery, "[t]he extension should not affect the other scheduled dates."

In order to informally resolve a discovery issue, the Court held a telephonic status conference with attorneys for the parties on September 18, 2018. The issue involved Plaintiff's failure to sign medical releases and to produce authorizations for medical information, initial disclosures, and past due responses to Defendants' document requests. Counsel appeared to be in agreement that the Plaintiff would produce this material by September 24, 2018. However, when Plaintiff was non-compliant with this agreement, Defendants filed a motion to compel discovery on October 8, 2018 [Doc. #40]. In my order granting the motion, I commented that "I am very concerned about Plaintiff's lack of attention to this case, and his failure to cooperate in discovery. I am likewise concerned about his attorney's failure to communicate with defense counsel." I ordered that the Plaintiff produce the requested discovery, including medical releases, within 14 days, and sanctioned the Plaintiff and his attorney each $500.00 (total $1,000.00) under Fed.R.Civ.P. 37(a)(5)(A), representing Defendants' reasonable costs in bringing the motion. In the present motion, Defendants' counsel states that he has not received payment from either the Plaintiff or his lawyer.

The cut-off date for Plaintiff to file his expert disclosures was December 15, 2018, but to date, he has not filed his disclosures. He filed the present motion on March 8, 2019. By way of explanation for the failure to timely file expert disclosures, counsel states in this motion that a former employee failed to place the due date on counsel's calendar. This former employee was fired on December 21, 2018. Counsel further states that he was not aware of the passing of the deadline until he received Defendants' expert disclosures on January 15, 2019.

## II. LEGAL PRINCIPLES

Under Fed.R.Civ.P. 6(b)(1), where a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) ("[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any post deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.' "). The excusable neglect standard is "strict, and can be met only in extraordinary cases." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). In *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993), the Court identified four factors to consider in determining whether to grant an extension: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether the delay

was within the reasonable control of the moving party; and (4) whether the late filing party acted in good faith.

## III. DISCUSSION

While the Supreme Court in *Pioneer* set out four factors to consider, "the reason for a party's delay 'is the most important [factor] to the excusable neglect inquiry.'" *Gohl v. Livonia Pub. Sch.*, 2016 WL 2848421, at *2 (E.D. Mich. May 16, 2016), quoting *Symbionics Inc. v. Ortlieb*, 432 Fed.Appx. 216, 219 (4th Cir. 2011). In *Gohl*, the Court declined to find excusable neglect where all of the factors *except* for the reason for the delay weighed in favor of the moving party. *See also Jarvis v. Parker*, 13 F. Supp. 3d 74, 78–80 (D.D.C. 2014)(finding that fault–i.e., reason for the delay–is the most critical factor in determining excusable neglect)(citing cases).

In this case, it is undisputed that there has been neglect. The deadline for Plaintiff to file his expert disclosures has long passed, and indeed, this motion was filed almost three months after that deadline. The question is whether that neglect was "excusable," and in that regard Plaintiff places most of the blame on a former employee who failed to calendar the dates in the scheduling order. However, in *Pioneer*, the Supreme Court made clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. In *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 242 (D.D.C. 2005), the Court observed that the moving party "offered what the court cannot help but characterize as the lame excuse that

counsel 'did not place the due date on her calendar.'" I would place it in "the dog ate my homework" category of excuses. As the Sixth Circuit noted in *Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989), "Most trial lawyers know that meeting time deadlines is a part of what their practice is all about." *See also Casanova v. Marathon Corp.*, 499 F.Supp.2d 32, 34 (D.D.C. 2007) ("mere characterization of prior counsel's failure [to timely file answer to counterclaim] as an oversight is insufficient" to show excusable neglect).

In my previous order granting Defendants' motion to compel, I expressed my concern about Plaintiff's lack of attention to this case and his failure to cooperate in discovery. I see a similar lack of diligence in the context of the present motion. While Plaintiff's counsel states that he first became aware of the missed deadline when he received the Defendants' expert disclosures on January 15, 2019, he did not file this motion until almost three months later, with less than a month left in the discovery period. Moreover, one would think that when his employee was terminated in December, presumably for cause, counsel would have undertaken an audit of his or her work, including the accuracy of the calendar entries.[1] Finally, given the generous discovery period provided in the June 26, 2018 scheduling order–a schedule to which Plaintiff

---

[1] Indeed, regardless of whether clerical staff calendared the dates, counsel himself agreed to the deadline for expert disclosures both in the Joint Discovery Plan filed on May 29, 2018 [Doc. #34] and at the scheduling conference held on June 25, 2018. He received ECF notice of the scheduling order on June 26, 2018.

agreed–it seems astounding that he has not taken any depositions, even of the Defendant Police Officers.[2]

Against the backdrop of Plaintiff's lethargic prosecution of his case, counsel's excuse for missing the deadline for filing his expert disclosures rings hollow, and does not approach the demanding standard for showing excusable neglect. In addition, given the impending close of discovery and the dispositive motion cut-off date, extending the dates would be prejudicial to the Defendants and disruptive of the Court's schedule.

Apparently the parties have made some attempt to schedule depositions of the Defendants and at least two other police witnesses. Clearly it will not be possible to complete these deposition before the close of discovery. However, while I find no reasonable basis to extend discovery for 90 days, or to extend the dispositive motion cut-off date, I will extend discovery for a period of 24 days from the date of this Order, for the limited purpose of Plaintiff taking the depositions of the Defendant Officers and two other witnesses.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to file an expert witness list is DENIED.

IT IS FURTHER ORDERED that the discovery cut-off period is extended 24 days from the date of this Order, for the limited purpose of Plaintiff taking the depositions of

---

[2] Defendants also note that during the first nine months of the discovery period, Plaintiff pursued no discovery at all.

the Defendant Officers and two other witnesses. No other changes will be made to the scheduling order.

IT IS FURTHER ORDERED that in all other respects, Plaintiff's motion is DENIED.

                                                          s/R. Steven Whalen
                                                          R. STEVEN WHALEN
                                                          UNITED STATES MAGISTRATE JUDGE

Dated: March 29, 2019

---

## CERTIFICATE OF SERVICE

I hereby certify on March 29, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on March 29, 2019.

                                                          s/Carolyn M. Ciesla
                                                          Case Manager for the
                                                          Honorable R. Steven Whalen