UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRANCIS BOYD,

    Plaintiff,

v.

COLIN MCCABE,
JEFFREY MASSERANG, JR., and
UNKNOWN OFFICERS OF THE
WARREN POLICE DEPARTMENT,

    Defendants.

Case No. 16-cv-12741
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER [47]**

Charles Boyd says that in May 2014, two City of Warren police officers, Colin McCabe and Jeffrey Masserang, used excessive force when arresting him. He further alleges that after he arrived at the police station, one officer choked him (while another watched), one slammed his head, and one threw him into a cell by his hair. Based on these and other allegations, Boyd sued McCabe, Masserang, and unidentified police officers.

The merits of those allegations are not now before the Court; instead, the issue is what evidence Boyd can use to prove his allegations. Boyd missed the deadline set by Executive Magistrate Judge R. Steven Whalen to disclose his experts to Defendants, including two retained experts on police conduct and excessive force. (ECF No. 43, PageID.773.) And, it appears, Boyd (perhaps Defendants, too) did not collect much evidence during the discovery period set by Magistrate Judge Whalen. So with about three weeks left in the discovery period, Boyd filed a motion seeking leave to (1) "file" an expert-witness list and (2) extend the discovery period by 90 days. (ECF No. 43.) Magistrate Judge Whalen, to whom all pretrial matters have been referred,

denied Boyd's request to file his expert-witness list. (ECF No. 45.) And Magistrate Judge Whalen extended discovery by only 24 days, not the 90 that Boyd wanted. (ECF No. 45.) So it appears that Boyd will be without at least some of the evidence he thinks supports his claims.

And that explains why Boyd has objected to Magistrate Judge Whalen's order. (ECF No. 47.)

Before turning to Boyd's objections, it is helpful to pin down Boyd's burden. Boyd thinks the Magistrate Judge issued a report and recommendation and asks this Court to review the opinion de novo under Federal Rule of Civil Procedure 72(b)(2). (ECF No. 47, PageID.919.) But Boyd's motion to disclose his experts late and to extend the scheduling order deadlines (that Magistrate Judge Whalen himself set) is not a dispositive motion; so the Magistrate Judge rightly issued an order. And a magistrate judge's order, unlike a report and recommendation, is law. So, effectively, Boyd's objections amount to an appeal and Boyd must show that the Magistrate Judge's ruling was based on clearly erroneous fact finding or was contrary to law. Fed. R. Civ. P. 72(a). And given that Boyd effectively complains about the discovery schedule, the contrary-to-law standard operates like an abuse-of-discretion standard. *See Bush v. Lumileds, LLC*, No. 16-11761, 2018 WL 4576676, at *1 (E.D. Mich. Sept. 25, 2018) ("[W]hile 'the language contrary to law appears to invite plenary review,' 'many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.'" (quoting Charles Alan Wright, et al., 12 Fed. Prac. & Proc. Civ. § 3069 (2d ed.)).

With the standard pinned down, the Court turns to the facts. This case was filed in July 2016 and took a while to get through early motion practice. In June 2018, the Magistrate Judge issued a scheduling order. According to that order, Boyd's expert disclosures were due on December 15, 2018 and Defendants' were due a month later, January 15, 2019. (ECF No. 38,

PageID.633.) The scheduling order further provided a March 31, 2019 discovery cutoff, thus allowing for nine months of discovery. (ECF No. 38, PageID.633.)

In late fall or early winter 2018, one of the paralegals at the Dailey Law Firm, the firm Boyd had retained, began neglecting her duties. (ECF No. 47, PageID.920–921.) In fact, she began moonlighting at another firm. (ECF No. 47, PageID.920.) The paralegal's neglect was unknown to Brian Dailey (the Dailey Law Firm attorney pursuing Boyd's case). And, says Brian Dailey, it was the paralegal's responsibility to inform attorneys of motions, yet she never told him about a motion to compel that Defendants filed in October 2018. (ECF No. 47, PageID.920–921.) And the paralegal did not put the December 15, 2018 deadline for Boyd to disclose his experts on Dailey's calendar. Dailey says he only learned that he missed the December 15, 2018 expert-disclosure deadline when he received Defendants' expert disclosures on January 15, 2019. (ECF No. 43, PageID.773; ECF No. 47, PageID.921.) And Dailey says he only learned of Defendants' motion to compel when he received the Magistrate Judge's January 25, 2019 order granting it. (ECF No. 47, PageID.921.)

On January 21 and January 25, 2019, a different paralegal at the Daily Law Firm contacted Defendants' counsel in attempt to reach an agreement on extending the scheduling order dates. (ECF No. 47, PageID.936.) Defense counsel would not agree. In fact, a January 25, 2019 email from defense counsel stated that if Dailey wanted to extend the scheduling order dates, he would "have to file a motion." (ECF No. 43, PageID.830.)

Dailey, on Boyd's behalf, did just that—but not until March 8, 2019. (ECF No. 43.) And, recall, the discovery cutoff was March 31, 2019.

In deciding Boyd's motion, the Magistrate Judge denied Boyd's request to file his expert-witness list. And the Magistrate Judge extended the discovery deadline by only 24 days (starting

March 29th) instead of the 90 days that Boyd requested. (ECF No. 45, PageID.900.) In that 24 days, Boyd was able to depose only McCabe and Masserang. (ECF No. 48, PageID.1079 n.2; *see also* ECF No. 47, PageID.955 (indicating McCabe had not yet been deposed as of April 17, 2019).) He deposed no one else. (*See* ECF No. 48, PageID.1079 n.2.) Having failed to disclose his experts on police conduct, and with only McCabe's and Masserang's testimony in hand, Boyd has less evidence to support his claims than he wishes. So he objects to the Magistrate Judge's ruling.

The Court sees no grounds for reversing the Magistrate Judge's order.

Boyd argues that the Magistrate Judge erred by not considering all the factors that bear on whether he should be allowed to disclose his experts late. Boyd says that in determining whether there was "excusable neglect" for missing the expert-disclosure deadline, *see* Fed. R. Civ. P. 6(b)(1)(B), courts look at prejudice to the non-moving party, the impact of the delay on the proceedings, the reason for the delay, and whether the delay occurred despite good faith. (ECF No. 47, PageID.923.) According to Boyd, the Magistrate Judge focused on the reason he missed the deadline while ignoring the other three factors. (*Id.*) And in Boyd's view, the other three factors favored a finding of excusable neglect. (*Id.*)

Boyd's argument stumbles out of the gate. One primary aim of referring matters to a magistrate judge—especially a non-dispositive matter—is to increase the efficiency of the federal courts. It entirely undercuts that purpose to permit a litigant to run one case by the magistrate judge and another by the district judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." (internal quotation marks omitted)). Yet that is what Boyd has done: in his motion submitted to the Magistrate Judge, Boyd cited no law and made no attempt to address any

of the factors he now says should have been resolved in his favor. (*See generally* ECF No. 43.) Boyd instead made the Magistrate Judge take the first shot at addressing the factors and then criticizes the Magistrate Judge's aim. That is not how this works. For this reason alone, the Court overrules Boyd's objection to the Magistrate Judge's expert-disclosure ruling.

And things do not improve for Boyd if this Court looks past the purpose of the Federal Magistrate's Act.

Boyd might be right that some of the excusable-neglect factors favor him. For example, this case has been pending for three years so it is hard to see much impact on Defendants or the judicial system in permitting expert disclosures three months later than anticipated. And, perhaps, if an attorney is unaware that his paralegal is sabotaging his practice, bad faith cannot be imputed to the attorney or, at least, the client.

That said, the Court agrees with the Magistrate Judge's bottom line. Even if Dailey's paralegal was a hidden problem, Dailey says he knew that he had missed the expert-disclosure deadline once Defendants disclosed their experts on January 15, 2019. Indeed, within a week or so of Defendants' disclosure, Dailey reached out to defense counsel for an extension of the scheduling order dates. But by January 25, 2019, defense counsel had made it clear that it would not agree to an extension and that Dailey would have to "file a motion." (ECF No. 43, PageID.830.) Yet Dailey, knowing he had blown the disclosure deadline, waited until March 8, 2019 to file a motion. That six-week delay is entirely unexplained.

Moreover, even if missing the expert-disclosure deadline was mostly the fault of Dailey's moonlighting paralegal, Dailey must take some responsibility. In his order granting Defendants' motion to compel, the Magistrate Judge stated, "I am very concerned about Plaintiff's lack of attention to this case, and his failure to cooperate in discovery. I am likewise concerned about his

of the factors he now says should have been resolved in his favor. (*See generally* ECF No. 43.) Boyd instead made the Magistrate Judge take the first shot at addressing the factors and then criticizes the Magistrate Judge's aim. That is not how this works. For this reason alone, the Court overrules Boyd's objection to the Magistrate Judge's expert-disclosure ruling.

And things do not improve for Boyd if this Court looks past the purpose of the Federal Magistrate's Act.

Boyd might be right that some of the excusable-neglect factors favor him. For example, this case has been pending for three years so it is hard to see much impact on Defendants or the judicial system in permitting expert disclosures three months later than anticipated. And, perhaps, if an attorney is unaware that his paralegal is sabotaging his practice, bad faith cannot be imputed to the attorney or, at least, the client.

That said, the Court agrees with the Magistrate Judge's bottom line. Even if Dailey's paralegal was a hidden problem, Dailey says he knew that he had missed the expert-disclosure deadline once Defendants disclosed their experts on January 15, 2019. Indeed, within a week or so of Defendants' disclosure, Dailey reached out to defense counsel for an extension of the scheduling order dates. But by January 25, 2019, defense counsel had made it clear that it would not agree to an extension and that Dailey would have to "file a motion." (ECF No. 43, PageID.830.) Yet Dailey, knowing he had blown the disclosure deadline, waited until March 8, 2019 to file a motion. That six-week delay is entirely unexplained.

Moreover, even if missing the expert-disclosure deadline was mostly the fault of Dailey's moonlighting paralegal, Dailey must take some responsibility. In his order granting Defendants' motion to compel, the Magistrate Judge stated, "I am very concerned about Plaintiff's lack of attention to this case, and his failure to cooperate in discovery. I am likewise concerned about his

attorney's failure to communicate with defense counsel. Plaintiff has not responded to this motion, so it is unopposed, and it will be granted." (ECF No. 41, PageID.688.) While Dailey says that the motion was unopposed because his paralegal never told him about it, Dailey admits to receiving the Magistrate Judge's order on January 25, 2019. (ECF No. 47, PageID.921.) So, as of that date, Dailey knew that, in the Magistrate Judge's view, he was on thin ice. Yet having been warned by the Magistrate Judge, having blown the expert-disclosure deadline, and having no agreement to extend deadlines, Dailey waited six weeks to file his motion. The ice had cracked by then.

In short, the Magistrate Judge neither clearly erred nor acted contrary to law in denying Boyd leave to belatedly disclose his experts on police conduct and excessive force.

Nor is there any good reason to revisit the Magistrate Judge's decision to extend discovery by only 24 days from March 29.

Boyd claims that McCabe and Masserang have been "evasive" in answering written discovery, including interrogatories directed at identifying the other police officers who allegedly used excessive force (or failed to stop it). (ECF No. 47, PageID.929.) But the recourse for evasive discovery responses is a motion to compel, not objections to a magistrate judge's order. Moreover, Boyd served his interrogatories with only one month of the nine-month discovery period remaining. (*See* ECF No. 47, PageID.957.) Had he done so earlier, he could have conducted follow-up discovery without seeking an extension of the discovery period.

Boyd also asserts that during the 24-day extension, counsel for McCabe and Masserang were "uncooperative" in scheduling depositions. (ECF No. 47, PageID.955–961.) That might have been grounds for Boyd to file a motion before the magistrate judge explaining why the 24-day period was not enough. Instead, Boyd has elected to object and rely on information not before the magistrate judge when the magistrate judge ruled. And, again, Boyd has apparently waited until

6

the 11th-hour to pursue depositions—he does not explain why he did not attempt to do so earlier in the nine-month discovery period thereby allowing ample time to deal with any scheduling issues.

In short, the Court overrules Boyd's objections.

SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Date: August 16, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 16, 2019.

                                                  s/William Barkholz
                                                  Case Manager to
                                                  Honorable Laurie J. Michelson