UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES FRANCIS BOYD,

          Plaintiff,                Case No.  16-12741

v.                                  District Judge Laurie J. Michelson
                                  Magistrate Judge R. Steven Whalen


CITY OF WARREN, A Municipal corporation;
WARREN POLICE DEPARTMENT; OFFICER
COLIN MCCABE, OFFICER JEFFREY
MASSERANG; OFFICER ROBERT
HORLOCKER; and UNKNOWN OFFICERS
OF THE WARREN POLICE DEPARTENT

          Defendants.

_____/

## OPINION AND ORDER

    Plaintiff Charles Boyd has brought claims arising out of his arrest by officers of

the Warren, Michigan Police Department during a May 28, 2014 traffic stop. Before the

Court is his Motion for Leave to File Second Amended Complaint [ECF No. 61], in

which he seeks to add three previously unidentified Warren Police Officers.  For the

reasons discussed below, the motion will be DENIED.

## I.   FACTUAL AND CHRONOLOGICAL BACKGROUND

    The events giving rise to this lawsuit occurred on May 28, 2014. Plaintiff filed his

complaint on July 25, 2016 [ECF No. 1], and filed an amended complaint on October 11,

2016 [ECF No. 11]. On April 18, 2018, the Court, adopting in part a Magistrate Judge Report and Recommendation ("R&R"), dismissed a number of claims, leaving claims against Defendants McCabe and Masserang relating to their alleged use of excessive force.

The amended complaint also listed as Defendants "unknown officers of the Warren Police Department."

On June 26, 2018, the Court entered a scheduling order establishing a discovery cut-off date of March 31, 2019 [ECF No. 38].[1]

On July 23, 2018, Defendants served their initial disclosures on Plaintiff's counsel. The disclosures specifically identified Michael Moore, William Mierzwinski, and Lucas Doe as persons likely to have discoverable information:

¶ 7   Lucas Doe

(a) Mr. Doe is believed to have information regarding his whereabouts on May 28, 2014 and the accuracy of the case report.

¶ 8   Michael Moore

(a)   Mr. Moore is believed to have information regarding his whereabouts on May 28, 2014 and Plaintiff's interaction with Warren Police Department Police Officers in the Warren Jail

---

[1] All Defendants filed a motion to dismiss on October 25, 2016 [ECF No. 15]. On May 16, 2017, the case was reassigned from Judge Cox to Judge Michelson.  The case was referred to the undersigned Magistrate Judge for pretrial proceedings on May 23, 2017 and I filed my R&R on February 22, 2018 [ECF No. 23]. The Court issued its opinion adopting in part and rejecting in part the R&R April 18, 2018 [ECF No. 28], re-referring for all pretrial proceedings on the same date [ECF No. 29].

on May 28, 2014.

¶ 9    William Mierzwinski

(a)    Mr. Mierzwinski is believed to have information regarding his
       whereabouts on May 28, 2014 and Plaintiff's interaction with
       Warren Police Department Police Officers in the Warren Jail
       on May 28, 2014.

*Defendants' Exhibit 1* [ECF No. 70-2, PageID.1877]. In addition, on July 25, 2018,

Defendants' counsel sent Plaintiff's counsel an email agreeing to accept service for any

subpoena directed to the City of Warren, including the Police Department. *Defendants'*

*Exhibit 2* [ECF No. 70-3, PageID.1883].

On March 8, 2019, Plaintiff filed a motion for leave to file an expert witness list

and to adjourn the discovery cut-off date for 90 days [ECF No. 43]. I denied leave to file

an expert witness list, and extended discovery for an additional 24 days to complete

depositions [ECF No. 45]. On August 16, 2019, the Court overruled Plaintiff's objections

to my order [ECF No. 59].

I filed an R&R on Defendants McCabe and Masserang's motion for summary

judgment on January 21, 2020 [ECF No. 60].[2] Plaintiff filed the present motion for leave

to file a second amended complaint nine days later, on January 30, 2020, for the first time

naming as Defendants Michael Moore, William Mierzwinski, and Lucas Doe [ECF No.

_____

[2] The Court adopted the R&R in part and rejected it in part on March 30, 2020
[ECF No. 74], leaving specific Fourth Amendment claims and state law assault and
battery claims against Defendant McCabe, and Fourth Amendment failure to intervene
claim against Defendant Masserang.

61].

## II.  DISCUSSION

### A.  The Statute of Limitations

The statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in the state where the case arises. *Wilson v. Garcia*, 417 U.S. 261, 272 (1985). In Michigan, the statute of limitations for personal injury claims is three years. *See* MCL § 600.5805(10).  "Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims."  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  In the present case, therefore, the Plaintiff's Fourth Amendment/excessive force claims accrued on May 28, 2014, and the statute of limitations ran three years later, on May 28, 2017.

### B.  The Relation Back Doctrine

Plaintiff filed his initial complaint on July 25, 2016, within the limitations period. However, that complaint, as well as his subsequent first amended complaint, did not identify putative Defendants Moore, Mierzwinski, and Lucas Doe, but referred only to "unknown officers of the Warren Police Department."

Fed. R. Civ. P. 15( c ) directs when an amendment that is made after the statute of limitation expires relates back to the filing of the complaint, and would thus not be time-barred:

**(c) Relation Back of Amendments**.

**(1) When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The three-year statute of limitations for § 1983 claims does not have a relation back provision, so § ( c )(1)(A) does not apply.  Section ( c )(1)(B) applies when the amendment seeks to add a new claim, but does not authorize relation back when the amendment seeks to add a new party.  *Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318 (6th Cir. 2010)( "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*")(emphasis in original)(quoting *In re Kent Holland Die Casting & Plating, Inc*., 928 F.2d 1448, 1449 (6th Cir. 1991)).

Therefore, where, as here, the proposed amendment involves the same conduct

alleged in the original complaint, but "changes the party or the naming of the party against whom the claim is asserted," Rule 15( c )(1)( C) is the applicable standard. And subparagraph (ii) of that Rule requires that there has been "a mistake concerning the proper party's identity." However, the Sixth Circuit has repeatedly held that where the original complaint refers to unnamed defendants, or "John Doe" defendants, that does not constitute a mistake of identity, and a later amendment to identify those individuals serves to add new defendants, not correct a mistake. In *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996), the plaintiff referred to four "unnamed police officers" in the original complaint, and sought to identify those officers after the statute of limitations had run. The Court held:

> "The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed.R.Civ.P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id*. at 240.

The Court went on to state, "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of [Rule 15(c) ]." *Id*. (citing *In re Kent Holland Die Casting & Plating, Inc*., 928 F.2d 1448, 1449–50 (6th Cir. 1991) and *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)).

The Sixth Circuit has consistently followed *Cox* in a number of unpublished cases. *See Brown v. Cuyahoga Cty., Ohio*, 517 Fed.Appx. 431, 433–34 (6th Cir. 2013) (noting

that the Sixth Circuit "previously held [in *Cox* ] that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)"); *Moore v. Tennessee*, 267 Fed.Appx. 450, 455 (6th Cir. 2008) ("[A] plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c). Nor are we alone in so holding—our court's precedent comports with no fewer than seven of our sister circuits.") (citation omitted) (collecting cases); *Wiggins v. Kimberly–Clark Corp*., 641 Fed.Appx. 545, 549 (6th Cir. 2016)(lack of knowledge of a defendant's identity does not constitute a "mistake" within the meaning of the Rule 15(c)(1)(C)(ii)*); Force v. City of Memphis*, 101 F.3d 702, at *3 (6th Cir. 1996) (table) ("We have recently held that [the mistaken identity prong] is not satisfied where the caption of an original complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers.") (citing *Cox*, 75 F.3d at 240).  And numerous cases within this District have followed suit, denying relation back of amendments that for the first time name previously unidentified defendants.  *See Reiner v. Canale*, 301 F. Supp. 3d 727, 737 (E.D. Mich. 2018)(citing cases).[3]

---

[3] *Reiner* recognized potentially conflicting authority in *Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir. 1986). *Berndt* did not specifically analyze Rule 15( c )(1)( C )(ii), focusing instead on the notice requirement, and, finding that constructive rather than actual notice to the newly named defendants would be sufficient to satisfy the notice prong of Rule 15( c ), left it to the district court to pursue "a patently factual inquiry." *Id*. at 884.  Thus, *Berndt* left open the possibility of adding previously unidentified defendants even after the statute of limitations expired. Nevertheless, *Reiner*

In Plaintiff's case, the three-year statute of limitations ran on May 28, 2017, yet he first identified his three new Defendants in his present motion, filed on January 30, 2020, almost two years and eight months later. Because his proposed amendment does not permit relation back under Rule 15(c)(1)(C)(ii), the motion must be denied.

In their response to this motion, the Defendants make much of the fact that Plaintiff was aware of the existence of Moore, Mierzwinski, and Lucas Doe as early as July 23, 2018, when they served their initial disclosures, yet did not seek to amend their complaint until January 30, 2020. While it is true that Plaintiff has been less than diligent in pursuing this motion, it doesn't matter. First, the three-year statute of limitations had already run when Defendants' initial disclosures were file. More importantly, under *Cox* and its progeny, Rule 15( c )(1)( C ) simply does not permit a relation back for previously unnamed defendants after the statute has run, regardless of when the defendants' identities were discovered. *See Renier*, 301 F. Supp. 3d at 739 ("[T]he binding precedent

---

pointed out that the weight of subsequent authority in both the Sixth Circuit and the district courts clearly favors *Cox*:

> "In the final analysis, the weight of authority clearly favors the proposition, embodied in *Cox*, *Moore*, and *Clark*, that asserting claims against Doe defendants in an initial complaint will not later be found to be a 'mistake concerning the proper party's identity' under Rule 15(c)(1)(C)(ii)." 301 F. Supp. 3d at 737–38.

*See also Clark v. Oakland Cty*., 2010 WL 2891712, *9 (E.D. Mich. 2010)("Given *Moore's* reaffirmation of the continuing viability of *Cox's* central holding, this Court defers to the sound judgment of the Sixth Circuit in deciding *Moore*.").

and ample persuasive authority discussed *supra* establishes that regardless of when

Plaintiff learned of Defendant Canale's existence, his claims are barred because

Defendant Canale was added as a defendant after the statute of limitations had run, and

Plaintiff's earlier use of a Doe defendant does not constitute 'a mistake concerning the

proper party's identity' as required for the amendment to relate back under Rule 15(c)").

## III.    CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint [ECF No. 61] is

DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: April 14, 2020


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on
April 14, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager