EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRANCIS BOYD,

      Plaintiff,                          Case No.  16-12741

v.                                        District Judge Laurie J. Michelson
                                             Magistrate Judge R. Steven Whalen

OFFICER COLIN MCCABE and
OFFICER JEFFREY MASSERANG, JR.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Charles Boyd has brought claims arising out of his arrest by officers of the Warren, Michigan Police Department during a May 28, 2014 traffic stop. Before the Court is Defendants' Motion for Dismissal [ECF No. 80], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be DENIED.

### I.   FACTS[1]

This four and one-half year-old excessive force case has a lengthy procedural history.  Plaintiff filed his complaint on July 25, 2016, and an amended complaint on

---

[1] The historical facts underlying Plaintiff's claims were set forth in my Report and Recommendation of January 31, 2020 [ECF No. 80], and need not be repeated here.

October 11, 2016 [ECF No. 11]. On October 25, 2016, Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) [ECF No. 15], to which Plaintiff responded on November 18, 2016 [ECF No. 16]. On February 22, 2018, I filed a Report and Recommendation to grant in part and deny in part the motion to dismiss [ECF No. 23]. Defendants filed objections, and Plaintiff filed a response to the objections [ECF Nos. 25 and 26]. On April 18, 2018, the Court granted in part and overruled in part the Defendants' objections [ECF No. 28].

On May 9, 2018, Defendants filed an answer to the amended complaint [ECF No. 32], after which I entered a scheduling order setting a discovery cut-off date of April 30, 2019 [ECF No 38]. On October 8, 2018, Defendants filed a motion to compel discovery [ECF No. 40][2], which I granted on January 25, 2019 [ECF No. 41]. In my order, I stated:

> "I am very concerned about Plaintiff's lack of attention to this case, and his failure to cooperate in discovery. I am likewise concerned about his attorney's failure to communicate with defense counsel. Plaintiff has not responded to this motion, so it is unopposed, and it will be granted." ECF No. 41, PageID.688.

In addition, my order contained the following capitalized warning:

> "PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER OR WITH ANY DISCOVERY ORDER OF THIS COURT WILL RESULT IN FURTHER SANCTIONS, AND MAY INCLUDE DISMISSAL OF HIS

---

[2] The Defendants' motion to compel followed a telephonic status conference between the Court and the parties. The issue involved Plaintiff's failure to sign medical releases and to produce authorizations for medical information, initial disclosures, and past due responses to Defendants' document requests. Plaintiff was non-compliant with his agreement to produce this material.

COMPLAINT." *Id*., PageID. 689.

I also sanctioned Plaintiff and his attorney each $500 as a discovery sanction under Rule 37()(5)(A). *Id*.

On March 8, 2019, Plaintiff moved for leave to file a late expert witness list and to extend the scheduling order by 90 days [ECF No. 43]. In his response, Plaintiff's counsel blamed a secretary who had since been fired. On March 29, 2019, I denied the motion, finding that Plaintiff had not shown excusable neglect for not timely filing his expert witness list, and stating as follows:

> "In my previous order granting Defendants' motion to compel, I expressed my concern about Plaintiff's lack of attention to this case and his failure to cooperate in discovery. I see a similar lack of diligence in the context of the present motion. While Plaintiff's counsel states that he first became aware of the missed deadline when he received the Defendants' expert disclosures on January 15, 2019, he did not file this motion until almost three months later, with less than a month left in the discovery period. Moreover, one would think that when his employee was terminated in December, presumably for cause, counsel would have undertaken an audit of his or her work, including the accuracy of the calendar entries. Finally, given the generous discovery period provided in the June 26, 2018 scheduling order–a schedule to which Plaintiff agreed–it seems astounding that he has not taken any depositions, even of the Defendant Police Officers.
>
> "Against the backdrop of Plaintiff's lethargic prosecution of his case, counsel's excuse for missing the deadline for filing his expert disclosures rings hollow, and does not approach the demanding standard for showing excusable neglect. In addition, given the impending close of discovery and the dispositive motion cut-off date, extending the dates would be prejudicial to the Defendants and disruptive of the Court's schedule." (Footnotes omitted). ECF No. 45, PageID. 899-900.

On August 16, 2019, the Court overruled Plaintiff's objections to my order [ECF

No. 59].

On April 30, 2019, Defendants McCabe and Masserang filed a motion for summary judgment [ECF No. 49]. On May 21, 2019, Plaintiff filed his response [ECF No. 54]. On January 21, 2020, I filed a Report and Recommendation that the Defendants' motion be granted, and that McCabe and Masserang be dismissed [ECF No. 60]. The Court granted a 10-day extension for Plaintiff to file objections, and Plaintiff filed his objections timely on February 14, 2020 [ECF No. 71]. On March 30, 2020, the Court accepted in part and rejected in party my Report and Recommendation, keeping alive some, but not all of the Fourth Amendment claims against Defendant McCabe, as well as an assault and battery claim and a "failure to protect" claim against Defendant Masserang [ECF No. 74]. On May 12, 2020, the Court denied Plaintiff's timely motion for reconsideration [ECF No. 78].

In the meantime, on January 30, 2020, Plaintiff had filed a motion for leave to file a second amended complaint, in which he sought to add three previously unidentified Warren Police Officers whom he alleged used excessive force against him in the booking/fingerprint room [ECF No. 61]. On April 14, 2020, I denied the motion, finding that claims against the previously unidentified officers were barred by the statute of limitations [ECF No. 76].

On July 21, 2020, the Court held an unsuccessful settlement conference.

Defendants seek dismissal under both Rule 37(b)(2) and Rule 41(b), stating, "The

long history of this case has been marked by Plaintiff's inability to follow the Court's orders and the Federal Rules of Civil Procedure, and worse, his neglect of prosecution." ECF No. 80, PageID.2021.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when it is the plaintiff who has failed to comply. The sanction imposed is vested in the court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Dismissal is a severe sanction. Granting dispositive relief—either dismissal or default judgment—for failure to cooperate in discovery "is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citations omitted). *See also Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008) (explaining that default judgment [and by implication dismissal of a complaint] is the court's most severe discovery sanction).

The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned

that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe,* at 1073.

In addition, a complaint may be dismissed for failure to prosecute under Fed.R.Civ.P. 41(b). The factors a court must consider in such case are the same four as discussed above. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

### III. DISCUSSION

Examining the *Harmon/Knoll* factors in inverse order, factors 3 and 4 clearly weigh in the Defendants' favor: a lesser penalty was imposed, in the form of a monetary sanction against both the Plaintiff and his attorney, and the Defendant was previously warned, in bold-face type, that dismissal could be in the cards if there were further transgressions.

As to the second factor, while undoubtedly inconvenienced by Plaintiff's haphazard approach to this case and the delays that have resulted, the Defendants have not been irreparably prejudiced. Eventually, they received discovery, including Plaintiff's deposition, that was sufficient to litigate a summary judgment motion, and is sufficient to proceed to trial. In fact, it is the Plaintiff himself who has suffered self-inflicted prejudice. As the result of his lack of attention to this case, he will not be permitted to offer expert testimony at trial, and he will not be able to proceed against the previously unnamed

officers that were in the booking room.

Which brings us to a closer question–whether the Plaintiff has demonstrated bad faith or willfulness. Throughout these proceedings, Plaintiff's counsel has blamed his current and former staff for his deficiencies. It was a former staff member, he said, who failed to inform him of the deadline for disclosing expert witnesses, and it was another staff member who apparently failed to mail the $1,000 check to defense counsel. He argues that "the record does not reflect egregious disregard for this Court's orders but rather bouts of untimeliness due to employee misconduct and termination beyond Plaintiff's control." *Plaintiff's Response*, ECF No. 87, PageID.2065.

Personnel issues aside, the buck stops at the attorney's desk. In my previous order denying Plaintiff leave to file a late expert witness disclosure, I discussed why shifting the blame to counsel's staff was unavailing, and I do not need to repeat those observations here. Suffice it to say that there are only so many times the dog can your the homework.

Yet, while Plaintiff has been less than diligent, it cannot be said that he has completely failed to prosecute his case. He eventually provided discovery a submitted to a deposition. He aggressively contested the Defendants' initial motion to dismiss and their motion for summary judgment, and prevailed, at least as to Defendants McCabe and Masserang. The Plaintiff and his attorney are hardly deserving of praise for their handling of this case, but on balance, I do not find a level of bad faith or willfulness that would justify the draconian sanction of dismissal, especially at this late stage, with the

case poised to be tried. It's time to let the jury decide.

I am concerned, however, with Defendants' claim that the $1,000 sanction was not paid, at least as of the filing of their reply brief. I imposed that sanction on January 25, 2019. I do note, however, that my order imposing that sanction [ECF No. 41] did not specify a time within which the money was to be paid. Therefore, if Plaintiff has not yet tendered the money to defense counsel, I recommend that he be ordered to do so within seven days of a final decision on the present motion to dismiss.

## IV. CONCLUSION

I recommend that Defendants' Motion for Dismissal [ECF No. 80] be DENIED.

I further recommend that if Plaintiff has not tendered to defense counsel the $1,000 sanction imposed on January 25, 2019, he be ordered to do so within seven days of a final order on the present motion.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith*

*v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. Steven Whalen<br>
United States Magistrate Judge

Dated: January 19, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 19, 2021 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager