UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRANCIS BOYD,

    Plaintiff,

v.

COLIN MCCABE and
JEFFREY MASSERANG, JR.,

    Defendants.

Case No. 16-12741
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR COSTS [124] AND CONDITIONALLY GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW [125]**

Recently, the surviving claims in this six-year-old case were tried to a jury. The jury found that Charles Boyd failed to prove that two City of Warren police officers, Colin McCabe and Jeffrey Masserang, Jr., used excessive force against him during the initial portion of his arrest or later during booking.

Having won at trial, McCabe and Masserang now want Boyd to pay some of their court costs for having to defend against his claims. (*See generally* ECF No. 124.) A few months before trial, McCabe and Masserang invoked Federal Rule of Civil Procedure 68 and offered Boyd $60,000 to settle his claims against them. (ECF No. 124-2, PageID.3403.) Boyd did not accept their offer. Under Rule 68, "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Because they won at trial, McCabe and Masserang say that Boyd did not obtain a judgment more favorable

than their Rule 68 offer. So, they say, Boyd must pay the $4,137.23 in court costs that they incurred after their offer. (*See* ECF No. 124, PageID.3396; ECF No. 124-3, PageID.3406.)

But that is not all they want. McCabe and Masserang say that Boyd should also reimburse them for over $84,000 in attorney's fees. Some of Boyd's excessive force claims were brought pursuant to 42 U.S.C. § 1983, meaning that § 1988 governs the award of attorney's fees for at least those claims. *See* 42 U.S.C. § 1988(b). And McCabe and Masserang point out that § 1988 states, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee *as part of the costs*." 42 U.S.C. § 1988(b) (emphasis added). In other words, McCabe and Masserang couple Rule 68 and § 1988 as follows: Rule 68 says that they get "costs incurred after the offer was made" and § 1988 makes their attorney's fees "part of the costs." (ECF No. 124, PageID.3397.) So instead of a more modest $4,137.23 for costs incurred after their offer, McCabe and Masserang say Boyd must pay them an additional $84,094.96 for the attorney's fees they incurred after their offer. (*See* ECF No. 124-3, PageID.3406; ECF No. 124, PageID.3393.)

McCabe and Masserang's argument is foreclosed by Supreme Court precedent. In *Delta Air Lines v. August*, the Court explained that the text of Rule 68 makes clear that it applies "only to judgments obtained by the plaintiff" and that both the purpose of the rule and its legislative history supported that interpretation. 450 U.S. 346, 352, 356–62 (1981). Here, Boyd did not obtain a judgment—the jury found for McCabe and Masserang on the tried claims. (ECF No. 123.) And so Rule 68 does not apply in this

2

case. *Delta Air Lines*, 450 U.S. at 352 (explaining that Rule 68 "is simply inapplicable to this case because it was the defendant that obtained the judgment"); *Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 368 (7th Cir. 1993) ("In *Delta Air Lines*, the Court held that Rule 68 did not apply to cases in which the plaintiff refused a settlement offer and subsequently lost at trial.").

With Rule 68 out of the picture, it appears that McCabe and Masserang are left with just § 1988 as means for recovering their attorney's fees. But "[u]nder § 1988, a civil-rights defendant may recover attorneys' fees only if the defendant is a 'prevailing party' *and* proves that the plaintiff's action was 'frivolous, unreasonable, or without foundation.'" *Hescott v. City of Saginaw*, 757 F.3d 518, 529 (6th Cir. 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)); *see also Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction."). In their motion, McCabe and Masserang describe how Boyd's attorneys were disorganized and unresponsive in the lead up to trial and during trial, which in turn required their attorneys to do extra work, which in turn required them to pay their attorneys for the extra work. (ECF No. 124, PageID.3393–3395.) Perhaps they were. But McCabe and Masserang have cited no authority for the proposition that in assessing whether Boyd's "*claim* was frivolous, unreasonable, or groundless," *Hughes*, 449 U.S. at 15 (emphasis added), the focus should be on how Boyd pursued his claims as opposed to the merits of the claims. *Cf. Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 297 n.6 (3d Cir. 2016) (listing

3

factors that a court might consider in assessing frivolity, none of which relate to litigation conduct).

In short then, McCabe and Masserang have not shown that Boyd should reimburse them for the attorney's fees they incurred after their Rule 68 offer.

But what of court costs? Two reasons counsel against addressing costs now. For one, the Court has discretion to award costs, *see Donelson v. Hardy*, 931 F.3d 565, 570 (7th Cir. 2019); *Allen v. Lang,* 738 F. App'x 934, 944, 947 (10th Cir. 2018), but apart from relying on Rule 68, McCabe and Masserang have not offered argument as to why they should get costs. (*See* ECF No. 124, PageID.3398 ("Rule 68(d) requires that the Court award costs[.]").) Relatedly, rather than respond to McCabe and Masserang's motion for costs and fees, Boyd's attorneys have sought to withdraw their representation. (ECF No. 125.) And while the motion to withdraw argues that Rule 68 does not apply, it otherwise does not address the issue of costs. (*See generally* ECF No. 125.) Thus, the issue of costs is not adequately briefed.

As for the motion to withdraw, Boyd's attorneys say that "their representation agreement does not require The Dailey Law Firm, PC to represent Plaintiff in post-trial proceedings and [that they] have asked him to seek new counsel." (ECF No. 125, PageID.3496.) Counsel also states, "Plaintiff and his counsels' relationships were visibly strained throughout court proceedings in this case, and during trial the relationship broke down to the point that effective communication was, at times, impossible." (*Id.*) To date, the Court has not heard from Boyd. Accordingly, the Court

4

will deem The Dailey Law Firm, PC to be withdrawn as Boyd's counsel once all of the conditions set out below are met.

\* \* \*

For the reasons given, Defendants' motion for costs and fees (ECF No. 124) is DENIED. If Defendants believe that they are entitled to costs, they may take appropriate action. *See* E.D. Mich. LR 54.1; *Forms*, E.D. Mich., http://www.mied.uscourts.gov/index.cfm?pageFunction=formList (last visited Aug. 25, 2022). But no action to recover costs may be taken until September 22, 2022.

The Dailey Law Firm, PC's motion to withdraw (ECF No. 125) is CONDITIONALLY GRANTED. Daily Law shall send a copy of their motion to withdraw and a copy of this order to all of Boyd's mailing addresses and email addresses that the firm is aware of. Additionally, Daily Law shall call Boyd using all phone numbers that the firm is aware of and inform him of their motion to withdraw and that he has until September 6, 2022 to oppose that motion. Daily Law is to then docket a certificate attesting that these actions have been completed. If all of those conditions are met, and if Boyd does not docket an opposition to the withdrawal on or before Tuesday, September 6, 2022, then Brian T. Dailey, Eric T. Hoort, William D. Savage, and Dailey Law Firm, PC will be deemed withdrawn as counsel of record without further order from the Court. If Boyd does docket a timely opposition, or if all the above conditions are not met, counsel will not automatically be deemed withdrawn.

Boyd is advised that Defendants may seek costs after September 22. Boyd is also advised that this Court intends to enter a judgment in this matter shortly after September 6, 2022, and that once a judgment is entered, Boyd only has 28 days to seek a new trial and 30 days to seek appeal. Thus, if Boyd intends to retain new counsel, he must do so quickly.

SO ORDERED.

Dated: August 26, 2022

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE